# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Paul Clarendon Ballou, Respondent

Appellate Case No. 2015-000959

Opinion No. 27535
Submitted June 9, 2015 – Filed June 24, 2015

### DISBARRED

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Paul Clarendon Ballou, of Columbia, pro se.

**PER CURIAM:**   In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to the imposition of a definite suspension ranging from nine (9) months to three (3) years or disbarment.  He requests that any suspension or disbarment be imposed retroactively to May 23, 2013, the date of his interim suspension. *In the Matter of Ballou*, 403 S.C. 138, 742 S.E.2d 868 (2013).  In addition, respondent agrees to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission) within thirty (30) days of the imposition of discipline and to complete the Legal Ethics and Practice Program Ethics School and Trust Account School prior to reinstatement.  Further, within sixty (60) days of the imposition of discipline, respondent agrees to enter into a restitution agreement with the Commission to repay clients and third parties harmed as a result of his misconduct.  We accept the Agreement and disbar respondent from the practice of law in this state retroactively to the date of his

interim suspension, and, further, impose the conditions as set forth hereafter in this opinion.  The facts, as set forth in the Agreement, are as follows.

## Facts

### Matter I

Respondent represented Complainant A and his wife in a personal injury case.  Subsequent to mediation, Client A became dissatisfied with respondent's representation, terminated respondent's services, and demanded his file.  Respondent prepared a handwritten release for Complainant A's signature discharging respondent from representation.  The release also stated respondent had incurred $313.05 in expenses, the defendant had offered to settle the case for $23,000, and that respondent asserted an attorneys' fee lien in the amount of 25% or $5,750 payable out of any settlement of the case along with costs.  Complainant A signed the document and added the following notation:  "With reservations and after Disciplinary Counsel Review Board."

Complainant A and his wife later settled the case with the defendant insurance company.  The insurance company sent a check to respondent in the amount of $5,750 payable to the order of respondent's firm, Complainant A, and Complainant A's wife.  Respondent endorsed the check, signing the names of Complainant A and his wife without their consent.  Respondent then deposited the check into his operating account.

### Matter II

Respondent's firm represented Complainant B on criminal charges arising out of her employment; the employer alleged Complainant B had stolen funds from the employer.  On November 17, 2006, the criminal charges were dismissed with leave to re-indict by the solicitor's office.

After the employer's insurance company covered the stolen funds, it attempted to recover the amount it paid to the employer from Complainant B.  Some of the efforts to recover the funds were allegedly made by a recovery management company.

Thereafter, respondent represented Complainant B in a civil suit for damages allegedly suffered by Complainant B as a result of the collections efforts taken by or on behalf of the insurance company.  Initially, respondent filed suit in state court

in March of 2007.  On May 27, 2008, respondent filed for a voluntary non-suit pursuant to Rule 41(a)(1), SCRCP, because the complaint had not been served.

In July 2008, respondent filed suit in state court.  On August 25, 2008, the case was removed to federal court.  On June 8, 2009, defendant Recovery Management Company moved to dismiss the suit for lack of jurisdiction.  On July 7, 2009, the court granted the motion to dismiss due to respondent's failure to respond.  The court noted respondent had called the court on June 25 or 26, 2009 requesting an extension of time and was advised that an extension would be granted if respondent filed the motion by June 29, 2009.  The court did not receive the motion despite a follow-up call from the court shortly after the June 29, 2009, deadline.  Respondent did not notify Complainant B of this development.

On December18, 2009, the defendant insurance company filed a motion for summary judgment.  On January 19, 2010, respondent filed a response to the motion.  On January 29, 2010, the court ordered respondent to show cause why the response should not be stricken for failure to cure a signatory deficiency.  The court's order noted that the Clerk of Court had drawn the deficiency to respondent's attention three times and respondent had ignored the requests to cure.  Ultimately, respondent acknowledged and corrected his filing deficiency and assured the court that he would avoid future difficulties by obtaining additional training in the e-filing procedures used by the court.  As a result, the court did not strike the response.

On February 8, 2010, the trial court issued its order granting summary judgment to the defendant insurance company finding that Complainant B had not filed her suit within the statute of limitations and the record lacked sufficient evidence to support the claims.  Respondent was unaware of the order as he did not monitor his e-mail account properly.  Respondent failed to timely inform Complainant B of the order granting summary judgement and failed to preserve Complainant B's appellate rights.  Respondent made a unilateral decision not to pursue the case as respondent believed that this was in Complainant B's best interest.

<u>Matter III</u>

Respondent represented Complainant C in a personal injury matter.  Respondent received a settlement of $101,000 in the case.  Respondent deposited the entire settlement amount into his operating account.  Pursuant to the written fee agreement, respondent should have received $33,633.00 (1/3%) as attorneys' fees.

Out of the $101,000 settlement, respondent disbursed $55,000 to the client and kept the remaining fees in his operating account. There was no written agreement between respondent and Complainant C regarding the withholding of any funds beyond the initial one third stated in the fee agreement. Respondent failed to safeguard the additional fees in his trust account.

On March 6, 2013, a subpoena for respondent's trust account records was issued and mailed to the address of record shown in the Attorney Information System. The subpoena was returned "unclaimed" to ODC. A subpoena dated April 17, 2013, was served by a South Carolina Law Enforcement Division agent on respondent on the same day. The subpoena again requested respondent's trust account records by May 14, 2013. Respondent advised ODC he did not have the trust account records demanded by the subpoena.

Respondent admits he does not maintain a client trust account. He further admits that he deposited and disbursed client settlement funds into and out of his operating account. Respondent also conducted his personal and office business through this same operating account.

## Matter IV

Respondent represented Complainants D against an insurance carrier concerning personal injuries sustained by them in an automobile accident. The carrier offered a settlement which was accepted by Complainants D. The carrier issued a check payable to respondent's firm and Complainants D on June 23, 2010, and requested an executed release be returned to the carrier. Respondent and Complainants D endorsed and negotiated the check, but respondent did not return the executed release to the carrier.

ODC initiated its investigation of this matter on November 5, 2010, by sending a Notice of Investigation to respondent and requesting a response within fifteen days. When respondent failed to respond within the fifteen days, ODC sent respondent a letter by certified mail on January 13, 2011, reminding respondent of his obligation to respond and citing *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982). Respondent submitted his response to ODC by letter dated January 28, 2011. Respondent also returned the executed release to the insurance carrier in January 2011.

## Matter V

Respondent requested a copy of a deposition transcript and copies of exhibits from two other depositions from a court reporting agency. These items were delivered as requested on January 21, 2010. Respondent failed to pay the invoice for these services until January of 2011, after ODC initiated its investigation into this matter.

## Matter VI

Respondent and his law partner retained the services of a court reporter to attend and transcribe depositions on seven occasions. The transcripts of the depositions were hand-delivered to respondent and his partner, along with an invoice for each transcript. Respondent and his law partner failed to pay the invoices despite telephone calls and other communication from the court reporting agency regarding payment. The court reporting agency obtained a judgment against respondent and his law partner in the amount of $4,120.69 which represented the amount due for the outstanding invoices plus interest and court costs. Out of the total invoiced amount, respondent's invoiced share was $801.58.

## Matter VII

Respondent was retained to represent Complainant E in a workers compensation matter. In connection with the representation, respondent also agreed to assist Complainant E in filing for social security benefits; respondent was not paid separately for his representation in the social security matter. The initial application for social security benefits was denied. Respondent did not timely file an appeal of the denial. Eventually, Complainant E refiled her application for social security benefits and was approved for benefits.

On February 25, 2014, ODC mailed respondent a Notice of Additional Allegations and requested a response within fifteen days. At respondent's request, a fifteen day extension was granted. When respondent failed to respond by the extended deadline, ODC sent respondent a letter by certified mail on April 4, 2014, reminding respondent of his obligation to respond and citing *In the Matter of Treacy*, *Id*. Respondent failed to submit a response.

## Matter VIII

Respondent engaged a court reporter for services to be rendered on January 30, 2013. The transcript was delivered to respondent on or about February 12, 2013, along with the original invoice. Despite monthly invoices and contact from the

court reporting agency, respondent failed to pay the original invoice of $383.90. With the late fee, respondent owes the court reporting agency $401.18.

## Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation); Rule 1.2 (lawyer shall abide by client's decisions concerning objectives of representation and consult with client as to means by which they are to be pursued); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.4 (lawyer shall promptly inform client of any decision in which client's informed consent required; lawyer shall keep client reasonably informed about status of matter); Rule 1.15 (lawyer shall safekeep client funds; lawyer shall promptly deliver to client or third person any funds client or third person entitled to receive); Rule 4.4(a) (in representing client, lawyer shall not use means that have no substantial purpose other than to burden third person); Rule 8.1(b) (in connection with disciplinary matter, lawyer shall not fail to respond to lawful demand from disciplinary authority); Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct prejudicial to administration of justice). Further, respondent admits he failed to comply with Rule 417, SCACR.

Respondent also admits his misconduct constitutes grounds for discipline pursuant to the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct) and Rule 7(a)(3) (it shall be ground for discipline for lawyer to willfully fail to comply with subpoena issued pursuant to the Rules for Lawyer Disciplinary Enforcement or to knowingly fail to respond to lawful demand from disciplinary authority to include request for response).

## Conclusion

We accept the Agreement for Discipline by Consent and disbar respondent from the practice of law in this state retroactively to the date of his interim suspension. Within thirty (30) days of the date of this opinion, respondent shall reimburse ODC and the Commission for costs incurred in the investigation and prosecution of this matter. Within sixty (60) days of the date of this opinion, respondent shall enter into a restitution agreement with the Commission to repay his former client and third parties harmed as a result of his misconduct as follows: 1) Complainant C -

$10,000; 2) the court reporting agency in Matter VI - $841.58; 3) the court reporting agency in Matter VIII - $401.18; and 4) the Lawyers' Fund for Client Protection (Lawyers' Fund) - in full for any payments made on his behalf to any of the clients or third parties referenced in this opinion.[1]  Before he shall be eligible to file a petition for reinstatement, respondent shall complete the Legal Ethics and Practice Program Ethics School and Trust Account School.  Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**

---

[1] The amount due from respondent to Complainant C and the two court reporting agencies shall be reduced by any payments made to Complainant C and the court reporting agencies by the Lawyers' Fund.